IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,359-01






EX PARTE CLAYTON STERLING MAAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11049 IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that trial counsel failed to advise him of the deadlines for filing notice
of appeal. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was entitled to be in the
appellate process, whether trial counsel advised Applicant of the deadlines for filing notice of appeal,
and whether Applicant would have filed notice of appeal had he known what the deadlines were. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 14, 2011

Do not publish